UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMAD ESMAIL, ) | Case No. 4:15CV2327 |
| ) | |
| Petitioner, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| BRIGHAM SLOAN, WARDEN , ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| ) | |

On October 28, 2015, Petitioner, Amad Esmail ("Petitioner"), pro se, executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed with this Court on November 12, 2015. ECF Dkt. #1. He seeks relief for alleged constitutional violations that occurred during his Columbiana County, Ohio Court of Common Pleas guilty plea and convictions for three counts of trafficking in drugs, two counts of aggravated trafficking in drugs, aggravated possession of drugs, and two counts of possession of drugs. ECF Dkt. #5-1 at 20.

On January 22, 2016, Respondent, Brigham Sloan, Warden of the Lake Erie Correctional Institution, in Conneaut, Ohio, filed an Answer/Return of Writ. ECF Dkt. #5. On March 2, 2016, Petitioner filed a "Reply," which is a Traverse, to Petitioner's Answer/Return of Writ. ECF Dkt. #7-1.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice:

## I. SYNOPSIS OF THE FACTS

The Seventh District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999). As set forth by the Ohio Court of Appeals, the facts are:

{¶3} On May 27, 2010, the Columbiana County Grand Jury issued a secret indictment charging Esmail with three counts of trafficking in drugs (R.C. 2925.03(A)(1), third-degree felonies; two counts of aggravated trafficking in drugs (R.C. 2925.03(A)(1)), and one count of aggravated possession of drugs (R.C. 2925.11(A)), all first-degree felonies; and two counts of possession of drugs (R.C. 2925.11(A)), first-degree felonies. These charges stem from four dates during a three-week period where Esmail sold Oxycontin pills and heroin from a gas station that he operated. On June 18, 2010, Esmail was arraigned and pled not guilty. On April 4, 2011, Esmail filed a motion for treatment in lieu of conviction, which the trial court denied.

{¶4} On August 26, 2011, Esmail and the State entered into a Crim.R. 11 plea agreement. Esmail withdrew his previous plea of not guilty and agreed to plead guilty to all eight counts in the indictment. The State recommended a sentencing structure grouping the offenses by degree for a total of 8 year prison term. The State opposed community control sanctions, but Esmail requested a lesser sentence and a presentence investigation. At the plea hearing, the trial court accepted Esmail's guilty plea and granted the request for the PSI.

{¶5} On October 27, 2011, the matter came before the trial court for a sentencing hearing. The State summed up the facts supporting the charges, arising out of transactions taking place at Esmail's gas station within 1,000 feet of a day care center as follows: "In total, over five days, this Defendant possessed and sold, and/or sold, 453 Oxycontins, over five and half grams of heroin. The street value on the Oxycontins alone being over $31,000. That's not a recreational user, Your Honor. That's a drug dealer." The State also argued a prison sentence was warranted given Esmail's 2006 convictions on several counts of drug trafficking in Trumbull County resulted in a Drug Court diversion and being placed on community control to no effect. Defense counsel urged the court to impose a minimum sentence and concurrent terms. Defense counsel characterized Esmail's criminal activity as a result of a long-term drug addiction and explained that despite past involvement in Drug Court, he had not received adequate drug rehabilitation. Counsel further noted that Esmail's offenses took place over a short period of time and involved only one person purchasing the drugs. The court also gave Esmail an opportunity to speak. Esmail stated that he works hard and is dedicated to his family. He explained that his addiction began 10 years ago when he was sick and an employee offered him an Oxycontin pill. He emphasized that he was not out in the community "starting trouble" but was confined to the gas station all day.

{¶6} At the sentencing hearing, the trial court made note of a 2003 drug related conviction in addition to the 2006 convictions noted by the State. The following were the only findings made by the trial court relative to sentencing and pertinent to the issues raised here on appeal:

{¶7} "Mr. Amad, I have considered all of the appropriate factors in this case, I believe; including the Presentence Investigation." The trial court goes on to note two prior convictions for drug-related offenses concluding: "I do not believe that you are amenable to Community Control. Again, based on the past record * * *" Finally the trial court states: "I do believe that this sentence today is consistent with the terms of Senate Bill 86. Again, the primary purposes of which are to protect the public and to punish the offender."

{¶8} On November 3, 2011, the trial court issued a judgment entry sentencing Esmail pursuant to the sentencing structure the State recommended. For the first-degree felonies: 3 years on Count 1; 4 years on County 5; and 4 years on County 6, these terms to be served concurrently with each other but consecutive to the other prison

-2-

> sentences. For the third-degree felonies: 3 years on Count 2; 3 years on Count 3; and 3 years on Count 4, these terms to be served concurrently with each other but consecutive to the other prison sentences. For the fifth-degree felonies: 1 year on Count 7 and 1 year on Count 8, these terms to be served concurrently with each other but consecutive to the other prison sentences. Thus, the trial court sentenced Esmail to a total 8 years term of incarceration.

ECF Dkt. #5-1 at 71-73[1].

## II.     PROCEDURAL HISTORY

### A.     State Trial Court

In its January 2010 term, the Columbiana County, Ohio Grand Jury indicted Petitioner on: three counts of drug trafficking in violation of Ohio Revised Code § 2925.03(A)(1)[2] (Counts 1, 2, and 3), two counts of aggravated drug trafficking in violation of ORC § 2925.03(A)(1) (Counts 4, 5), one count of aggravated possession of drugs in violation of ORC § 2925.11(A) (Count 6), and two counts of possession of drugs in violation of ORC § 2925.11(A) (Count 7). ECF Dkt. #5-1 at 4-5.

Petitioner, through counsel, filed a motion for intervention in lieu of conviction, but on April 8, 2011, the trial court denied the motion, finding that the level of Plaintiff's offenses did not qualify him for such intervention. ECF Dkt. #5-1 at 9.

On August 30, 2011, the trial court issued a journal entry indicating that Petitioner had appeared with counsel on August 26, 2011 and after explanation of and waiver of his constitutional rights, Petitioner entered a knowing, intelligent and voluntary guilty plea to all counts in the indictment. ECF Dkt. #5-1 at 19-21.

On November 3, 2011, the trial court sentenced Petitioner to a total of eight years in prison, with sentences of: three years each for Counts 1, 2 and 3; three years, four years and four years, respectively, on Counts 4, 5, and 6; and one year each on Counts 7 and 8. ECF Dkt. #5-1 at 23. The trial court's net sentence was for a total of eight years, after running the sentences for:

---

[1] Page numbers in this Report and Recommendation refer to the Page ID# in the electronic filing system.

[2] The undersigned notes that the version of the Ohio Revised Code § 2925.03 under which Petitioner was indicted at the time was effective from September 30, 2008 to September 29, 2011 and has been amended numerous times since then.

Counts 1, 5, and 6 concurrently with each other but consecutive to the other prison sentences; Counts 2, 3, and 4 concurrently with each other but consecutively to the other sentences; and Counts 7 and 8 concurrently with each other but consecutively with the other sentences. *Id*. at 23-24.

### B.    Direct Appeal

On November 8, 2011, Petitioner, through the same counsel, filed a notice of appeal and asserted the following assignments of error in his appellate brief:

> 1. The sentenced imposed against Mr. Esmail was in violation of 2929.14(C)(4) and an abuse of discretion as the trial court did not make the necessary findings before imposing consecutive sentences.
>
> 2. The trial court abused its discretion by imposing prison sentences for Mr. Esmail's fifth degree felony convictions.
>
> 3. The trial court abused its discretion in imposing maximum sentences on each of the felony three and felony five non-violent drug convictions against Mr. Esmail.
>
> 4. The trial court erred in in[sic] failing to consider "risk reduction" pursuant to ORC § 2929.143, despite counsel's requests, before imposing maximum sentences.

ECF Dkt. #5-1 at 27-45.  The State of Ohio filed an appellate brief on April 18, 2012.  *Id.* at 46-62.  Petitioner filed a reply.  *Id*. at 63-69.

On May 20, 2013, the Ohio appellate court affirmed Petitioner's convictions, but remanded the case for resentencing based upon the trial court's noncompliance in its judgment entry with ORC § 2929.14(C)(4) as to the purposes and principles of sentencing. ECF Dkt. #5-1 at 70-85.

### C.    Resentencing

On August 13, 2013, the trial court resentenced Petitioner to the same sentence of 8 years total of imprisonment.  ECF Dkt. #5-1 at 94-98.  The trial court indicated in its judgment entry that it had considered the record, the information presented at the hearing, the principles and purposes of sentencing under ORC § 2929.11, and it had balanced the seriousness and recidivism factors of ORC § 2929.12.  *Id*. at 95.  The court discussed Petitioner's past adult criminal record, indicating the significance of Petitioner's past felony drug convictions in 2006, which included three counts of aggravated drug

-4-

trafficking. *Id*. The court noted that Petitioner was placed on community control as to these convictions, which terminated early in January of 2009, and within months, in June and July of 2009, Petitioner "resumed his criminal drug trafficking behavior." *Id*. The court further explained that Petitioner was now a repeat drug trafficking offender and therefore the court found him to be a public threat, considering the amount of drugs involved and that the drug trafficking occurred within the vicinity of a school. *Id*.

The court thereafter indicated that it had considered the factors of ORC § 2929.14 and found that consecutive sentences were necessary to punish Petitioner, to protect the public from future crimes, and consecutive sentences were not disproportionate to the seriousness of Petitioner's conduct and the danger he posed to the public. ECF Dkt. #5-1 at 96-97. The court also found that Petitioner's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by Petitioner. *Id*. at 97.

On September 9, 2013, Petitioner, through the same counsel, filed an appeal of his resentencing to the Ohio Seventh District Court of Appeals. ECF Dkt. #5-1 at 99. Petitioner asserted the following assignments of error:

> 1. The sentenced imposed against Mr. Esmail was contrary to law as it was based, in part, on a dismissed case being used as "criminal history."
>
> 2. The record does not support a finding that Appellant's criminal history demonstrates that consecutive sentences are necessary to protect the pubic thereby requiring reversal of the sentence as to consecutive sentences.

*Id.* at 100-112. The State of Ohio filed an appellate brief on February 26, 2014. *Id.* at 113-126.

On May 27, 2014, the Ohio appellate court affirmed the trial court's resentencing. ECF Dkt. #5-1 at 128.

On July 11, 2014, Petitioner pro se filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #5-1 at 142. In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of relief:

-5-

> Proposition of Law No. 1: The sentence imposed against Appellant was contrary to law as it was based, in part, on a dismissed case being used as "criminal history."
>
> Proposition of Law No. 2: The record does not support a finding that Appellant's criminal history demonstrates that consecutive sentences are necessary to protect the public thereby requiring reversal of the sentence as to consecutive sentences.

*Id.* at 144-171.

On November 5, 2014, the Supreme Court of Ohio declined jurisdiction of Petitioner's appeal. ECF Dkt. #5-1 at 172.

## III. 28 U.S.C. § 2254 PETITION

On October 28, 2015, Petitioner, pro se, executed the instant petition for a writ of federal habeas corpus, which was filed in this Court on November 12, 2015. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> I. THE SENTENCE IMPOSED AGAINST MR. ESMAIL WAS CONTRARY TO LAW AS IT WAS BASED, IN PART, ON A DISMISSED CASE BEING USE[sic] AS "CRIMINAL HISTORY."
> II. THE RECORD DOES NOT SUPPORT A FINDING THAT APPELLANT'S CRIMINAL HIS[TORY] DEMONSTRATES THAT CONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC THEREBY REVERSAL OF THE SENTENCE AS TO CONSECUTIVE SENTENCES[sic].

ECF Dkt. #1 at 5-6. On January 22, 2016, Respondent filed an Answer/Return of Writ. ECF Dkt. #5. On March 2, 2016, Petitioner filed a Traverse. ECF Dkt. #7.

## IV. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it

-6-

begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not currently at issue in this case.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125

> S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

The above standards apply to the Court's review of Petitioner's claims.

**V**.     **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*

-10-

Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**VI. LAW AND ANALYSIS**

    **A. EXHAUSTION/FAIR PRESENTATION/PROCEDURAL DEFAULT**

Respondent asserts that Petitioner has failed to fairly present his two grounds for relief in the instant federal habeas corpus petition as federal constitutional claims to the state courts and has thus procedurally defaulted his grounds for relief. ECF Dkt. #5 at 14-16. The undersigned

agrees.

The undersigned recommends that the Court find that Petitioner has failed to present the instant grounds for relief in his federal habeas corpus petition as federal constitutional claims before the Ohio courts. While Petitioner asserts in his Traverse that he presented his grounds for relief as federal constitutional claims before the Ohio courts, his brief before the Ohio appellate court and his memorandum in support of jurisdiction before the Supreme Court of Ohio show that he cited solely to Ohio statutory and caselaw in asserting that the resentencing was contrary to law and that the record did not support a finding that his criminal history demonstrated that consecutive sentences were necessary to protect the public. ECF Dkt. #5-1 at 109-112, 144-171. While Petitioner cites to federal constitutional law in his Traverse, Petitioner failed to refer to or mention federal constitutional law when presenting his claims before the Ohio courts. He therefore failed to fairly present the instant grounds for relief as federal constitutional claims before the Ohio state courts and cannot now return to raise such claims. Moreover, as to Petitioner's second ground for relief before this Court, the Ohio appellate court relied upon the principles of res judicata in barring consideration of this state claim. *Id.* at 139. The Ohio appellate court held that it had already decided Petitioner's claim in its opinion on Petitioner's first appeal and thus res judicata barred its consideration on his second appeal. The Sixth Circuit Court of Appeals has recognized Ohio's law of res judicata and found that it meets the *Maupin* factors. *Smith v. Warden*, 2010 WL 3075166, at *14, citing *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) and *Rust v. Zent*, 17 F.3d 155, 160-161 (6th Cir. 1994).

In order to overcome this procedural default, Petitioner must demonstrate cause for his default and he must show that he was actually prejudiced by the alleged constitutional error. Here, Petitioner offers no cause or prejudice. Petitioner can also show actual innocence or a fundamental miscarriage of justice in order to avoid the procedural default. However, Petitioner does not assert actual innocence and the instant case presents no evidence of a fundamental miscarriage of justice.

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his grounds for relief and he has failed to show cause and prejudice or his

-12-

actual innocence, and there is no evidence of a fundamental miscarriage of justice.

## B. NONCOGNIZABILITY

Even if Petitioner had not procedurally defaulted both of his grounds for relief in the instant petition, Respondent additionally asserts that neither of Petitioner's grounds for relief are cognizable before this Court. For the following reasons, the undersigned recommends that the Court find that Petitioner's grounds for relief are not cognizable before this Court.

A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). "A federal habeas court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir.2005) (internal quotation omitted). Accordingly, "alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012). However, state-court evidentiary rulings may "rise to the level of due process violations [if] they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). They must be "so egregious that [they] result[ ]in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). "[C]ourts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.' " *Id*. (quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)).

Petitioner's grounds for relief in his federal habeas corpus petition state that the trial court's resentencing was contrary to law and the record did not support the trial court's finding of consecutive sentences. ECF Dkt. #1 at 5-6. Sentencing is a matter for the state courts and "states have authority over the administration of their criminal justice systems, including concurrent and consecutive sentencing." *Carrington v. Sloan*, No. 2017 WL 2456996, at *2 (N.D. Ohio June 6, 2017), citing *Oregon v. Ice*, 555 U.S. 160, 164 (2009); *Howard v. White*, 76

-13-

Fed.Appx. 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) ("[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction.") and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedure."). An assertion that the state trial court improperly calculated a petitioner's sentence under state law is not cognizable in federal habeas proceedings. *Coleman v. Curtin*, 425 Fed.Appx. 483, 484-85 (6th Cir. 2011). Accordingly, the undersigned recommends that the Court find that Petitioner's grounds for relief are not cognizable before this federal habeas corpus Court.

Although generally not reviewable before this federal habeas corpus Court, Petitioner's sentence must be reviewed for due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Petitioner first complains in the instant federal habeas corpus petition that at resentencing, the trial court erroneously relied upon 2003 charges in his criminal record that were dismissed in 2005. ECF Dkt. #1 at 5; ECF Dkt. #5-1 at 107-110. Petitioner explained in his state appellate brief that at resentencing, the trial court limited the State to commenting on Petitioner's convictions only, but the court nevertheless stated when it resentenced him that his criminal record was of significance, which "includes the felony drug convictions in Trumbull County in 2006." *Id.* at 110. Petitioner contended that the trial court erred in considering the 2003 dismissed charges upon resentencing and in imposing consecutive sentences. *Id.*

The undersigned notes that the Ohio appellate court found that no evidence in the record established that the trial court considered the 2003 charges at resentencing. ECF Dkt. #5-1 at 138. The appellate court indicated that Petitioner's counsel objected to the use of the charges at resentencing and the trial court sustained the objection and instructed the prosecution to discuss only Petitioner's 2006 convictions, which included three counts of aggravated drug trafficking. *Id*. The appellate court held that the word "includes" that was used by the trial court

-14-

implied nothing more than that Petitioner had a criminal record, a part of which included the 2006 convictions. *Id*. The Ohio appellate court also relied on state law and the federal case of *United States v. Watts*, 519 U.S. 148 (1997) in holding that even if the trial court did rely upon the dismissed charges from 2003, it properly did so because the sentencing court can consider facts relating to other charges or criminal activity, even when that prior criminal activity did not result in a conviction. ECF Dkt. #5-1 at 136-137. The undersigned recommends that the Court find no violation of due process stemming from the 2003 dismissed charges.

Petitioner also asserts in the instant petition that the record did not support a finding that his criminal history demonstrated that consecutive sentences were necessary to protect the public. ECF Dkt. #1 at 6. Petitioner elaborated in his Ohio appellate brief that upon resentencing, the trial court relied upon improper information in finding that his criminal history showed that consecutive sentences were needed in order to protect the public. ECF Dkt. #5-1 at 111. Petitioner explained that he was a drug addict who had no prior counseling, he had only one prior conviction, and the trial court must have relied upon improper information concerning his dismissed charges in finding it appropriate to impose consecutive sentences on him in order to protect the public. *Id*. at 110-112.

The Ohio appellate court imposed res judicata to bar consideration of this claim, explaining that it had already ruled on this issue in Petitioner's prior appeal when it found that the trial court did not abuse its discretion in imposing a prison term as opposed to community control, rejecting Petitioner's assertion at that time that he was not a threat to the public because he only sold to a single buyer. ECF Dkt. #5-1 at 139. The Ohio appellate court referred to the record which showed that Plaintiff's 2006 drug trafficking convictions demonstrated that Petitioner was becoming a "major drug dealer" rather than a personal user as he claimed because he was involved in three separate sets of Oxycontin sales and a purchase of 500 Oxycontin pills from an undercover agent. *Id*. at 139-140. The appellate court noted that Petitioner was placed on community control for those convictions, but he began committing the crimes upon which the appeal was based within six months of release from community control. *Id*. at 140. The appellate court indicated that Petitioner sold 85 Oxycontin pills on June 30, 2009, he sold 1.4

grams of heroin and four Oxycontin pills on July 2, 2009, he sold 4.4 grams of heroin on July 15, 2009, and he sold 50 Oxycontin pills on July 17, 2009. *Id*. The court held that these sales after community control sanctions, the expansion of selling heroin in addition to Oxycontin, and statements by drug suppliers that they had delivered drugs to Petitioner on several occasions, negated a finding that Petitioner was the only person involved in the crime or that he was only a personal user of the drugs. *Id.*

Based upon the Ohio appellate court's findings, United States Supreme Court law finding that a trial court may use criminal activity that did not result in a conviction, and the record, which does not support a finding that the court relied upon the 2003 convictions, the undersigned recommends that the Court find that no violation of due process occurred when the trial court imposed consecutive sentences in resentencing Petitioner.

Consequently, the undersigned recommends that the Court find that Petitioner's grounds for relief are noncognizable before this Court and no evidence of a violation of due process exists so as to otherwise consider the noncognizable claims.

## VII.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court find that Petitioner's grounds for relief are procedurally defaulted and are not cognizable in federal habeas corpus. Accordingly, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice. ECF Dkt. #1.


DATE: October 6, 2017         */s/ George J. Limbert*
                  GEORGE J. LIMBERT
                  UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).